IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

FILED
2006 MAR 31 P 1:46

| | |
|---|---|
| CHARLENE HECKERT<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security and RANDALL W.<br>RICHARDS,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br><br><br>Case No. 1:06-CV-16 TC |

Before the court is Plaintiff's complaint, including the addendum to her complaint that she filed on March 22 and 23, 2006. Because a jurisdictional issue exists with one of Plaintiff's claims, the court hereby submits this report and recommendation.

**BACKGROUND**

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed her complaint in this case on January 27, 2006, and the case was assigned to United States District Judge Tena Campbell. (File Entries #1-3.) On February 2, 2006, Judge Campbell referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 10, 2006, the court issued an order requiring Plaintiff to amend her complaint to clarify what claims she was trying to bring in this action and the factual basis for those claims. (File Entry #5.) On March 22 and 23, 2006, Plaintiff filed her amended complaint with the court. (File Entries #6 and 7.) Because Plaintiff is proceeding *pro se* and the court thus construes her pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court has construed Plaintiff's amended complaint as an addendum to her initial complaint.

The court notes that it has not received notice that the named defendants have received service of process.

**DISCUSSION**

It appears, in examining both Plaintiff's initial complaint and her amended complaint, that Plaintiff is attempting to bring two different types of claims in this action. First, Plaintiff is appealing from an administrative decision denying Plaintiff social security disability benefits. Second, Plaintiff is bringing an action against the attorney, Randall W. Richards, who represented her during the social security administrative proceedings below.

Plaintiff's second claim, the action against her former attorney, is a state claim. The court may not exercise supplemental jurisdiction over it because it is not part of the same case or controversy as Plaintiff's first claim. *See* 28 U.S.C. § 1367(a). Instead, Plaintiff's two claims involve

2

different disputes with a different set of underlying facts. Plaintiff's first claim involves whether Plaintiff is disabled as defined by the Social Security Act. Plaintiff's second claim involves whether Plaintiff's former attorney properly represented her.

The court wishes it to be clear that dismissal of Plaintiff's second claim does not result in dismissal of Plaintiff's first claim. Plaintiff could still proceed in this action appealing the final decision of the Commissioner of Social Security denying her disability benefits. In addition, Plaintiff would still be able to bring a separate action against Mr. Richards in a proper forum.

### RECOMMENDATION

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that Plaintiff's claim against her former attorney, Randall W. Richards, be **DISMISSED** from this action.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file

objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 31st day of March, 2006.

BY THE COURT:

_____
Samuel Alba
United States Chief Magistrate Judge